[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 21, 1995 Date of Application April 23, 1995 Date Application Filed April 26, 1995 Date of Decision May 27, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Number CR93-449120.
Michael J. Isko, Esq., Defense Counsel, for Petitioner
Carl E. Taylor, Esq., Assistant State's Attorney, for the State
BY THE DIVISION:
After trial by jury, petitioner was convicted of larceny in the third degree by possession as a persistent felony offender in violation of § 53a-124(a)(1); § 53a-119 (8); § CT Page 758453a-40(b) and (g); three counts of reckless endangerment in the first degree in violation of § 53a-63 (a); interfering with a police officer in violation of § 53a-167a; and operating a motor vehicle without owner's permission as a subsequent offender in violation of § 53a-119b(a)(1). A sentence of ten years was imposed on the first count. On the reckless endangerment counts, a sentence of one year on each count was imposed. On the interfering count, a one-year sentence was imposed and a five-year sentence was imposed on the motor vehicle count. All sentences were to run consecutively for a total effective sentence of 19 years.
The facts underlying petitioner's conviction indicate that he was operating a car which had been stolen in East Hartford during a car jacking. When stopped by police, petitioner drove off at a high rate of speed and nearly struck three children crossing the street. Subsequently, petitioner stopped the car and attempted to flee. He was apprehended by the police.
Petitioner s attorney argued that the sentence was excessive. He pointed out that all offenses arose from one criminal act and that the sentence itself was not proportionate. The attorney argued that the sentence was twice as long as any other sentence which petitioner had ever served. He recommended that it be reduced to 12 years. Speaking on his own behalf, petitioner stated that he was not proud of his record. Petitioner argued that the 19-year sentence imposed was somewhat ludicrous and left him with no hope for the future. He argued that the sentence was excessive.
The state's attorney argued against any reduction in sentence. He stated that petitioner received the maximum sentence after a jury trial. It was pointed out by the state's attorney that petitioner almost ran down a number of children while he was trying to escape from the police. Petitioner's long, violent felony history was also a factor which the judge properly considered in imposing his sentence. The attorney noted that the presentence investigation indicated petitioner's possibility of rehabilitation was doubtful and recommended a substantial period of incarceration.
In this matter, the Court was required to impose a fair sentence on petitioner who had a long history of violent criminal activity with numerous felonies on his record. The crime which occurred here could have resulted in serious injuries or death to CT Page 7585 innocent children.
The presentence investigation, after mentioning petitioner's chronology of serious criminal offenses over a number of years, stated "While rehabilitation may be possible, this writer sees nothing in the history of the offender that would indicate that he is a salvageable candidate at this time. The presentence investigation writer then recommended a substantial period of incarceration.
With rehabilitation being extremely doubtful, the Court had no alternative but to impose a sentence which took into consideration petitioner's long criminal record and anti-social behavior. The Court was also required to protect the public from such conduct.
Considering the standards of review set forth in § 942 of the Practice Book, it cannot be found that the sentence imposed was excessive or improper. Sentence affirmed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.